IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GSL OF ILL, LLC,

    Plaintiff,

v.                                             09cv0571

PITT PENN OIL CO., LLC,            **ELECTRONICALLY FILED**

    Defendant.

**MEMORANDUM OPINION**

**I. Introduction**

On May 8, 2009, defendant, Pitt Penn Oil Co., LLC (Pitt Penn), filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1452, removing the plaintiff's Complaint in Replevin from the Court of Common Pleas of Allegheny County, Pennsylvania (Court of Common Pleas) to this Court. (Doc. No. 1). The plaintiff, GSL of IL, LLC (GSL), has filed a Motion for Remand, claiming that Pitt Penn failed to file a timely Notice of Removal and that even if the removal was timely, this Court should abstain and remand the Complaint in Replevin to the Court of Common Pleas. (Doc. No. 5). For the reasons given below, this Court will grant GSL's Motion for Remand.

**II. Procedural History**

On March 11, 2009, GSL filed a Complaint in Replevin against Pitt Penn in the Court of Common Pleas, at GD 09-4777, to take possession of equipment as collateral for a loan in default. (Doc. No. 10-2 at 4). The *ex parte* Writ of Seizure was executed on April 3, 2009, when the Allegheny County Sheriff changed the locks on Pitt Penn's Creighton manufacturing facility, securing the equipment. (Doc. No. 5-3). Pitt Penn received notice of the proceedings on April 6,

2009. (Doc. No. 1-5 at 4). One day after Pitt Penn received notice, the Court of Common Pleas entered an order confirming the Writ of Seizure. (Doc. No. 5-4). This order gave Pitt Penn until April 13, 2009, to file a counter bond. *Id.* When the counter bond was not filed, GSL took possession of the equipment. Pitt Penn then filed a Motion to Vacate the Writ of Seizure. (Doc. No. 1-5 at 13).

Pitt Penn filed Chapter 11 bankruptcy in the United States Bankruptcy Court, District of Delaware (Bankruptcy Court), Case No. 09-11476, on April 30, 2009. (Doc. No. 1-5 at 21). After filing its bankruptcy claim, Pitt Penn filed a Notice of Removal to move GSL's claim against it from the Court of Common Pleas to this Court. (Doc. No. 1). GSL filed a Motion to Modify the Automatic Stay, and after conducting a hearing on the issue, the Bankruptcy Court, on May 26, 2009, issued a Memorandum Order granting GSL relief from the automatic stay, allowing GSL to exercise its rights with respect to the equipment. (Doc. No. 5-5). GSL now files a Motion to Remand its Complaint in Replevin back to the Court of Common Pleas. (Doc. No. 5).

### III. Discussion

The Plaintiff argues that its Complaint in Replevin should be remanded to the Court of Common Pleas of Allegheny County for three reasons: Pitt Penn failed to file a timely Notice of Removal; even if the removal was timely, this Court is required to abstain; and if mandatory abstention does not apply, permissive abstention should prevail. (Doc. No. 5). The Court finds that Pitt Penn's notice was timely; however, the Court will abstain and remand the Complaint in Replevin to the Court of Common Pleas.

**A. Timeliness of Notice**

Pitt Penn filed its Notice of Removal on May 8, 2009, pursuant to 28 U.S.C. § 1452(a) (2006)[1]. (Doc. No. 1 at 1). GSL relies on 28 U.S.C. § 1446(b) (2006), claiming that Pitt Penn failed to file its notice within thirty days after receiving notice of the replevin action, as required by the statute. (Doc. No. 5 at 3-4). Section 1452 is silent with regard to the time within which a party must file a notice of remand.

The minority of courts have agreed with GSL, determining that the thirty day limit established by Section 1446(b) also applies to Section 1452 removals. *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 755, 1996 U.S. Dist. LEXIS 3745 (D.N.J. 1996). On the contrary, the majority of the courts, along with the Bankruptcy Court for the Eastern District of Pennsylvania, have established that the time limits stated in Bankruptcy Rule 9027[2] should control with regard to Section 1452. *Id.* at 756; *In re Philadelphia Gold Corp.*, 56 B.R. 87, 89-90 (Bankr. E.D. Pa. 1985). Further explanation has been set out in *In re Pacor, Inc.*, 72 B.R. 927, 930-931 (Bankr. E.D. Pa. 1987):

---

[1] Section 1452(a) providing removal guidelines for claims related to bankruptcy cases stating: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

[2] The applicable section of Rule 9027 states: "If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."

> When Congress enacted 28 U.S.C. § 1452, its intent was simply to alter the statutory reference from bankruptcy court to district court. S. Rep. No. 98-55, 98th Cong., 1st Sess. 43 (1983). It expressed no desire to alter the procedure or time periods set out in Rule 9027 which were then in effect. Indeed, the proposed amendments to Bankr. Rule 9027 maintain the time limits currently existing in this rule and alter the procedure by having the removed application filed with the district court clerk. Moreover, since § 1446 makes no provision for removal by a
>
> plaintiff, while § 1452 continues to allow plaintiffs to remove, it is difficult to see how Rule 9027 could be supplanted by § 1446 unless one also supplants § 1452 by § 1441. See generally *Pacor, Inc. v. Higgins*.

Under Section 1452, the time clock cannot begin to run until the bankruptcy claim has been filed. *See Shared Network Users Group, Inc.*, 309 B. R. 446, 449 (E.D. Pa. 2004). Pitt Penn filed for Chapter 11 bankruptcy on April 30, 2009, triggering the start of the clock. Just over one week later, it filed its Notice of Removal, well within the time frame established by Bankruptcy Rule 9027. Pitt Penn's Notice of Removal was, therefore, timely.

### B. Abstention

Although Pitt Penn's Notice of Removal was timely, Section 1452(b) grants the district court authority to "remand such claim or cause of action on any equitable ground." This Court may also abstain pursuant to 28 U.S.C. § 1334 (c) (2006), outlining both mandatory and permissive abstention.

#### 1. Mandatory Abstention

GSL claims that the Court should mandatorily abstain from exercising its jurisdiction over its Complaint in Replevin and remand the claim back to the Court of Common Pleas. (Doc. No. 5 at 5). Section 1334 (c)(2) requires abstention "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Under Section 1334 (c)(2), the

following requirements must be met in order to satisfy mandatory abstention:

>  1)  a timely motion;
>  2)  proceedings based on a state law claim or state law cause of action;
>  3)  proceeding is related to a case under Title 11;
>  4)  proceeding does not arise under Title 11;
>  5)  the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and
>  6)  an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*See Stoe v. Flaherty*, 436 F.3d 209, 212 (3d Cir. 2006); *McCormick v. Kochar*, 1999 U.S. Dist. LEXIS 17833 (E.D. Pa. Nov. 19, 1999); *In re Donington*, 194 B.R. at 757.

This case obviously satisfies requirements one, two, and six. In order to determine whether GSL's claim is related to the Title 11 case, the Court must determine "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Donington*, 194 B.R. at 757 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))[3]. Here, the proceedings are clearly related. Pitt Penn is a party in the state court civil action, and the result of that action will directly impact property that comprises Pitt Penn's estate, a critical element of the Chapter 11 proceedings.

Establishing that the civil action is related to Pitt Penn's Title 11 claim, the Court must also determine whether the civil action arises under the Title 11 claim; this is determined by "whether the nature of the action falls within the core jurisdiction of the bankruptcy court and is

---

[3] The United States Supreme Court has effectively overruled *Pacor* with respect to the holding in *Pacor* that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable to bankruptcy cases. *See Things Remembered, Inc. v. Petrarca*, 133 L. Ed. 2d 461, 116 S. Ct. 494 (1995). *Things Remembered*, however, does not disturb the authority of *Pacor* on the point for which it is cited in *In re Donington,* 194 B.R. at 757.

5

therefore found to be a 'core proceeding.'" 194 B.R. at 757. 28 U.S.C. § 157(b)(2) (2006) outlines a non-exclusive list of proceedings that are "core" to a bankruptcy claim. Core proceedings depend on whether the Bankruptcy Code establishes a cause of action or provides a substantive right. *Halper v. Halper*, 164 F.3d 830, 836-837 n.7 (3d Cir. 1999).

Here, GSL's claim is a Complaint in Replevin, a state created cause of action, not arising under the Bankruptcy Code, existing independently of Pitt Penn's Chapter 11 claim. Furthermore, the Bankruptcy Court granted GSL relief from the automatic stay on the equipment, indicating the Bankruptcy Court's opinion that GSL's replevin claim could successfully move forward in state court, apart from the bankruptcy proceeding. (Doc. No. 5-5).

The final question is whether the Claim in Replevin could have been brought in federal court absent Section 1334. Here, diversity jurisdiction provided an independent basis for federal jurisdiction. District courts are granted "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332 (a) (2006). A corporation is considered a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332 (c)(1) (2006). Here, GSL is an Illinois corporation with principal offices in Illinois. (Doc. No. 10-2 at 3). Pitt Penn is an Ohio corporation with principal offices in Pennsylvania. *Id.* The amount in controversy is $500,000, exceeding the required amount in controversy. *Id.* In order to satisfy mandatory abstention, all requirements must be met. Because element five cannot be satisfied, mandatory abstention is not appropriate.

## 2. Permissive Abstention

Finally, even when mandatory abstention is not appropriate, the Court has discretion to grant permissive abstention and equitable remand. *Stoe*, 436 F.3d at 215. The considerations[4] used to determine permissive remand under Section 1334 (c)(1) and equitable remand under Section 1452 (b) are essentially the same. *See Id.; Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs.,* 181 B.R. 781, 788 (D.N.J. 1995).

In the instant case, the Court, again, recognizes and agrees with the Bankruptcy Court's opinion that GSL's replevin claim could be adequately adjudicated apart from the Chapter 11 proceedings. State law issues predominate the replevin claim. It is unlikely that the Bankruptcy Court would allow GSL relief from the stay if the equipment and issues in the state claim would disrupt the bankruptcy proceedings. The replevin claim was being adjudicated in a prompt and efficient manner until it was removed to this Court. There is no reason to believe that remanding the case would cause a substantial burden to Pitt Penn, or that conducting the state replevin claim in federal court would be more efficient than in state court. Therefore, in light of these factors, permissive abstention is appropriate in this case.

---

[4] *Balcor/Morristown Ltd. P'shp. v. Vector Whippany Assocs.*, 181 B.R. 781, 793 (D.N.J. 1995) outlines the following considerations: "1) the effect on the efficient administration of the estate if it abstains, 2) the extent to which state law issues predominate over bankruptcy issues, 3) the difficulty or unsettled nature of the relevant state law, 4) whether there is an established state court proceeding on the same issues, 5) any grounds for federal jurisdiction besides the bankruptcy, 6) the degree of relatedness of the proceeding to the main bankruptcy case and the substance rather than the form of an allegedly core proceeding, and 7) the likelihood that the bankruptcy proceeding represents forum-shopping by the petitioner."

**IV. Conclusion**

For the foregoing reasons, the Court will grant GSL's motion for remand, and will remand the matter to the Court of Common Pleas of Allegheny County.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: all ECF registered counsel and parties